IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT L. NICHOLS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. WGC-07-3389 |
| | ) |
| **LOUIS P. STONE, III,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

In accordance with the foregoing Memorandum Opinion, IT IS this <u>15th</u> day of <u>September</u>, <u>2011</u> by the United States District Court for the District of Maryland, **ORDERED**:

1. That judgment as to Count IX [Preliminary and Permanent Injunction against Stone], which was held in abeyance in the Order of March 31, 2010 (Document No. 54) BE, and the same hereby, IS entered in favor of Defendant Louis P. Stone, III and against Plaintiff Robert L. Nichols;

2. That O'Brien Realty, Property Manager of PAR Limited Partnership, select a new accountant for PAR;

3. That O'Brien Realty execute a new Commercial Property Management and Exclusive Rental Agreement between itself and PAR Limited Partnership ("PAR"). This contract must (a) identify the property by its location and (b) should have *only* an owner of PAR sign the document, *i.e.,* Mr. Stone and/or Mr. Nichols;

4. That O'Brien Realty work diligently to find a manager for the marina at Broomes Island to include the rental of the slips not presently assigned to Stoney's. In the interim,

O'Brien Realty should seek Jeannie Stone's assistance as an interim manager of the marina;

5.  That, presuming 3939 Oyster House Road, Broomes Island, Maryland is being operated as a bed and breakfast ("B&B"), O'Brien Realty shall execute a *commercial* dwelling lease for this property;

6.  That the Court ADOPTS the recommendations, as outlined in Ms. Rymer's February 4, 2011 report, EXCEPT as noted in Paragraph 7 below;

7.  That once a new accountant for PAR has been retained, the accountant must make the following adjustments to the capital accounts:

   a.  The 2007 expense of $324,749.00, characterized as post-Hurricane Isabel reconstruction expenses borne by PAR (according to PAR's present accountant, Mullen, Sondberg, Wimbish & Stone, P.A.[1]) shall be reallocated as follows:  (1) 60% or **$194,849.40** as capital improvements and the responsibility of the Tenant (Stoney's) and (2) 40% or **$129,899.60** as restoration expenses and the responsibility of the Landlord (PAR);

   b.  Credit Stoney's (Tenant) with **$9,000.00** resulting from 1 ½ month early closure of the restaurant due to Hurricane Isabel;

   c.  Credit Stoney's (Tenant) with **$36,000.00** for the six month period while premises were being restored post-Hurricane Isabel;

   d.  Allocate **$352.71** to Mr. Stone's capital account to cover the deficit by Mr. Nichols for the cost of Ms. Rymer's and Mr. Johnston's services;

   e.  Determine the amount of the septic account adjustment required for both Mr. Nichols and Mr. Stone.  Defendants claim the adjusted amount is $7,860.60;

8.  That Mr. Stone and Mr. Nichols must resolve between themselves whether *eight*

---

[1] In her February 4, 2011 report Ms. Rymer recommends the Hurricane Isabel expenses of $324,749.00 should be reallocated as capital improvements and therefore the responsibility of the Tenant, Stoney's.

*(8) slips* are assigned to Stoney's as part of the lease <u>or</u> whether *all slips* are assigned to PAR; and

      9.      That the Clerk of Court **CLOSE** this case.

                                 /s/
                          _____
                             WILLIAM CONNELLY
                       UNITED STATES MAGISTRATE JUDGE